**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

v.                                                     **MAGISTRATE NO.**
**David ALONZO, Gabriel JOYA-CRUZ
Denny Andres MERO-ANCHUNDIA**              25-mj-66
**Ruben Wilson MERO-VERA
Wilson Robert MERO-CASTRO
Rey David GABRIEL-ZAMORANO**

**<u>AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT</u>**

Your Affiant, Joseph Findley, being duly sworn, deposes and states the following:

      Your Affiant, Joseph Findley, is an investigative law enforcement officer authorized to investigate violations of the United States Code and is presently employed with Homeland Security Investigations as a Special Agent assigned to the Mobile, Alabama RAC Office as of March 2022.

      During my tenure as a Special Agent, I have completed instruction at the Federal Law Enforcement Training Center in Glynco, Georgia and am a graduate of the following programs: (FLETC) Criminal Investigator Training Program (CITP): Homeland Security Investigations Special Agent Training (HSISAT); U.S. Customs and Border Protection Officer Basic Training (CBPOBT); and Mobile Police Academy.

      Prior to my tenure as a Special Agent, I started with Mobile Police Department in 2006 and during my time there I was assigned to the Narcotics/Vice Unit as an investigator from 2009 to 2013. From 2013 to 2017, I was employed by the State of Alabama as a duly sworn law enforcement officer assigned to Group 47 of the Drug Enforcement Administration as a Task Force Officer (TFO) in the Mobile Resident Office. From 2017 to 2022, I was employed by the U.S. Customs and Border Protection as a Customs and Border Protection Officer assigned to Group 52 of the Drug Enforcement Administration in the Gulfport Resident Office as a Task Force Officer (TFO).

During my time as a DEA Task Force Officer, I conducted hundreds of investigations, during the course of which I have conducted or participated in physical and wire surveillances, including Title III investigations, undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefing of informants, and reviews of taped conversations and drug records. I have also been the affiant for multiple search and/or arrest warrants. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed as well as the methods of payments for such drugs. In addition to my narcotics training and experience, as the nature of my ongoing work at HSI requires that I keep abreast of recent trends and developments involved in the investigation of Drug Trafficking Organizations (DTO's), I also speak with agents from the Drug Enforcement Administration ("DEA"), United States Border Patrol ("USBP"), Customs and Border Protection ("CBP") and various other local law enforcement officers operating within the Southern District of Alabama.

As a law enforcement officer since 2007, I have been involved in numerous controlled substance related investigations involving various illegal substances, including fentanyl, heroin, cocaine, methamphetamine, and marijuana.

By virtue of my employment as a Special Agent with HSI, I have performed or been trained in various tasks, which include, but are not limited to (a) providing surveillance, by observing and recording movements of persons trafficking in controlled substances and those suspected of trafficking in controlled substances; (b) tracing currency and assets gained by controlled substance traffickers from the illegal sale of controlled substances and/or the laundering of monetary instruments; (c) interviewing witnesses, cooperating individuals, and informants relative to the illegal trafficking of controlled substances; and (d) functioning as a case agent, which entails the supervision of specific investigations involving the trafficking of narcotics and the laundering of monetary instruments.

This Affidavit is made in support of an application for the issuance of an arrest warrant for **David ALONZO, Gabriel JOYA-CRUZ, Denny Andres MERO-ANCHUNDIA, Ruben**

Wilson MERO-VERA, Wilson Robert MERO-CASTRO, and Rey David GABRIEL-ZAMORANO (collectively referred to as "the six Persons on Board ("POB")). I am familiar with the information contained in this Affidavit based upon my involvement in this investigation and based on information provided by other law enforcement officers.

Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant, this affidavit may not include every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of Title 46 U.S.C., Sections 70503 and 70506 (b) by the six POB. Title 46 U.S.C. §70503 makes it a crime to Manufacture, distribute, or possess a controlled substance on vessels. (a) Prohibitions. - An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States. Title 46 § U.S.C. 70506 (b) makes it a crime to conspire to violate Title 46 U.S.C. § 70503.

As a result of the investigation described more fully below, there is probable cause to believe that the six POB knowingly and intentionally possessed with intent to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States and conspired to do so in violation of Title 46 U.S.C. Sections 70503 and 70506(b).

The United States Coast Guard (USCG) has the authority under 14 U.S.C § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and water over which the United States has jurisdiction, to enforce federal laws.

On March 3, 2025, while on routine patrol in the Eastern Pacific Ocean (EPAC), Coast Guard Cutter Kimball (KIM) detected a target of interest approximately 22 nautical miles from Coast Guard Cutter KIM. KIM deployed their over the horizon rigid inflatable hull boat and diverted to intercept. KIM was granted a statement of no objection for a right of visit boarding on a vessel suspected of illicit maritime activity, including the use of force up to and including warning shots and/or disabling fire, on a vessel reasonably suspected of being without nationality, and displaying no indicia of nationality, located in international waters. Reasonable suspicion factors included the go-fast vessel having packages onboard, fuel barrels on deck, and three outboard engines. The KIM over the horizon rigid inflatable hull boat intercepted the vessel which

became compliant following command presence. Once dead in the water, KIM's boarding team came alongside and gained positive control. The boarding team confirmed packages consistent with contraband on deck. The boarding team stated the vessel yielded no physical flag flown, no registration documents, registration number of 35P on hull, no homeport on hull, no name on hull, and no painted-on markings. A master was identified and made no verbal claim of nationality for the vessel. KIM requested a statement of no objection which District 11 to treat the vessel as without nationality (TWON) and conduct a full law enforcement boarding. KIM boarding team reported two presumptive positive field tests for cocaine. The boarding team then transferred the six persons onboard and contraband back to the KIM. Once onboard the KIM, the boarding team was able to obtain an at sea weight of the contraband weighing a total of approximately 1,828 kilograms.

The vessel was sunk due to being a hazard to navigation.

## CONCLUSION

Based on the foregoing, the Affiant believes that there is probable cause to believe that six defendants did knowingly and intentionally violate the provisions of Title 46 U.S.C., Sections 70503 and 70506 (b).

This Affiant respectfully requests that this Court issue an arrest warrant for the six defendants.

_____
Joseph Findley
Special Agent,
Department of Homeland Security
Homeland Security Investigations

THE ABOVE AGENT HAD ATTESTED TO THIS AFFIDAVIT PURSUANT TO FED. R. CRIM. P. 4.1(b)(2)(B) THIS __7th__ DAY OF March 2025.

*P. Bradley Murray*
Digitally signed by P. Bradley Murray
Date: 2025.03.07 15:49:02 -06'00'

P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE